IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

LONNIE KEVIN CRANE,

    Plaintiff,

v.              CIVIL ACTION NO. 3:15-04407

ADMINISTRATOR CRAWFORD,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff Crane's Motion for Default Judgment (ECF No. 19), Motion to Impose Sanctions (ECF No. 38), and Motion to File for Sanctions (ECF No. 46), as well as Defendant Crawford's Motion to Dismiss Complaint (ECF No. 10), and Motion to Dismiss Complaint for Failure to Exhaust Administrative Remedies (ECF No. 30). This action, brought pro se under 42 U.S.C. § 1983, was referred to a United States Magistrate Judge for proposed findings of fact and recommendation for disposition ("PF&R"), pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge recommends that Defendant's Motion to Dismiss Complaint (ECF No. 10) be granted and Plaintiff's Complaint (ECF No. 2) be dismissed with prejudice. In addition, the Magistrate Judge recommends that Plaintiff's Motion for Default Judgment (ECF No. 19) be denied; Plaintiff's Motion to Impose Sanctions (ECF No. 38) be denied; Plaintiff's Motion to File for Sanctions (ECF No. 46) be denied as moot; and Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies (ECF No. 30) be denied as moot. Plaintiff filed objections to the PF&R.[1] ECF Nos. 56–59. For the reasons set forth below, the Court denies Plaintiff's

---

[1] Plaintiff moved the Court an extension of time to file his objections (ECF No. 54), and the Court granted

Objections and accepts and incorporates the Magistrate Judge's Findings and Recommendation in full.

## II. Background and Standard of Review

The Court incorporates the factual and procedural history of this case as stated in the PF&R. ECF No. 53, at 2–9. Regarding the standard of review, this Court conducts a *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which a party objects. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."). The Court, however, is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendations to which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## II. Objections

As noted previously, Plaintiff filed 82 pages of handwritten objections. Although untimely, the Court has considered these objections and ultimately finds that these objections are more aptly characterized as offenses Plaintiff took to the Magistrate Judge's PF&R, rather than valid legal arguments. In other words, instead of discussing sound legal contentions intended to refute the Magistrate Judge's findings, Plaintiff offers lengthy, tangential discussions about the PF&R and the various filings in this case. As memorably stated by the Seventh Circuit, "[j]udges

---

his Motion (ECF No. 55), allowing him until December 8, 2015 to file any objections. Plaintiff filed his Objections on December 10, 2015 claiming "if this is late it is due to circumstances out of my control." ECF No. 56, at 28. Plaintiff then proceeded to file three additional Supplemental Objections on December 21, 2015 (ECF No. 57), February 8, 2016 (ECF No. 58), and February 25, 2016 (ECF No. 59), totaling 82 pages of handwritten objections. Although these objections were filed untimely, the Court nevertheless considers and addresses Plaintiff's objections *infra*.

are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Similarly here, the Court is not tasked with sorting through Plaintiff's lengthy filings in order to condense his extensive prose into orderly and decipherable legal objections.

Furthermore, "[d]e novo review is not required or necessary when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." *Howard's Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 474 (W.D.N.C. 1997). Here, Plaintiff outlines no specific legal objections to the Magistrate Judge's findings, but rather offers a diatribe against both the Magistrate Judge and Defense Counsel regarding what Plaintiff believes to be a series of mischaracterizations in the PF&R (and previous filings). Specifically, Defendant raises issues of attorney malfeasance, judicial bias, and judicial misconduct. The Court finds these allegations are without merit and also fail to direct this Court to any specific error by the Magistrate Judge that would be of consequence to Plaintiff's case.[2] As such, the Court does not construe Plaintiff's 82 page disagreement with the Magistrate Judge as a specific objection requiring de novo review.

Accordingly, the Court accepts and incorporates herein the findings and recommendation of the Magistrate Judge and orders judgment consistent with the PF&R.

---

[2] Construing Plaintiff's objections liberally, his few disagreements that sound in legal argument have no effect on Plaintiff's case, as they fail to comprehend and address the entirety of the Magistrate Judge's PF&R. For example, Plaintiff attempts to prove in his objections that he followed the proper administrative procedure with regards to his electronic requests/grievances at Western Regional Jail. ECF No. 59, at 59–55. However, this argument is irrelevant, as the Magistrate Judge recommended <u>denying as moot</u> Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies. ECF No. 53, at 2. Similarly, Plaintiff argues that the Magistrate Judge should have excused Plaintiff's mistake in failing to abide by the "safe harbor" provision when filing his Motion to Impose Sanctions, due to the fact that Plaintiff is pro se. ECF No. 56, at 12–25; *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, the Magistrate Judge recommended dismissal of Plaintiff's Motion to Impose Sanctions not only for procedural reasons, but based the merits of Plaintiff's claims as well. Specifically, the Magistrate Judge stated, "[p]rocedural defects aside, the undersigned finds that sanctions are not warranted when the substance of Crane's request is considered." ECF No. 53, at 27–28. As such, Plaintiff's few legally-based objections are irrelevant and inconsequential to Plaintiff's case, as they fail to properly address the entirety of the Magistrate Judge's opinion.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Objections (ECF Nos. 56–59) and **ACCEPTS** and **INCORPORATES** the Magistrate Judge's Findings and Recommendation in full (ECF No. 53). Therefore, in accordance with the PF&R, Defendant's Motion to Dismiss Complaint (ECF No. 10) is **GRANTED** and Plaintiff's Complaint (ECF No. 2) is **DISMISSED with prejudice**. In addition, Plaintiff's Motion for Default Judgment (ECF No. 19) is **DENIED**; Plaintiff's Motion to Impose Sanctions (ECF No. 38) is **DENIED**; Plaintiff's Motion to File for Sanctions (ECF No. 46) is **DENIED as moot**; and Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies (ECF No. 30) is **DENIED as moot**.

The Court **DIRECTS** the Clerk to forward copies of this written opinion and order to Magistrate Judge Eifert, all counsel of record, and any unrepresented parties.

ENTER: March 28, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE